Houck, J.
(of the Fifth Appellate District, sitting in place of Hughes, J.). The Pennsylvania Company operates, controls and manages a line of railroad running through the city of Van Wert, Ohio, from Chicago to Pittsburgh, with tracks, cars, locomotives and other appurtenances thereto belonging, and the defendant in error, The Ireton Brothers Company, owned a hay barn located on the north side of the right of way of the Pennsylvania tracks, and on the east side of Walnut street, in the 'city of Van Wert, and at about one o’clock P. M. of September 26, 1916, the said hay barn, together with the contents, burned. Shortly before the fire was discovered, an engine and several cars, owned and operated by plaintiff in error, *244 passed along and upon its tracks and by said barn.
Just prior to the time that said engine and cars passed said hay barn the engine had been standing still for nearly an hour. Employes of the defendant in error had been unloading and storing hay in said barn during the forenoon, and had worked in and about the barn until about eleven or twelve o’clock noon that day'. When the fire was first discovered in the barn i't was at the top, in the southeast corner. Shortly before this, the locomotive in question passed said barn, and was puffing very loudly and throwing out a large amount of black smoke and red cinders. The defendant in error filed its action in the court of common pleas of Van Wert county, in which it asked for a judgment in the sum of $1,622.95, with interest from the 26th day of September, 1916. The issues in the case were raised by the allegations in the petition of plaintiff and the answer of the defendant, which was in substance a general denial. Said cause was tried to a jury, which resulted in favor of the plaintiff below in the sum of $1,396.68, and the trial court entered judgment on the verdict.
A reversal of the judgment is sought in this court for two reasons:
1. That there was no legal evidence offered in support of the verdict and judgment.
2. That the verdict of the jury was against the weight of the evidence.
As to the first claim of plaintiff in error, which in substance is that a demurrer to the evidence of plaintiff should have been sustained by the trial judge, we will say that we have read all of the evidence offered by the plaintiff and defendant, as *245 embodied in the bill of exceptions, the same being necessary for the proper determination of the questions raised by counsel in the case.
'Had plaintiff below, at 'the time it rested its case, made by the evidence thus offered a prima facie case, or established such facts as would entitle it to prevail, if not rebutted or disputed? In order to do so, it must have sustained by proper proof each and all of the material allegations of its petition; and this can only be determined from the proven facts as contained in the testimony offered in its behalf as found in the bill of exceptions.
It is urged that from these facts it was a physical impossibility for the locomotive in question to have caused the fire. This is based upon the conceded facts in the 'case, as to the location of the barn from the railroad track; the place where the engine stood prior to the fire; the rapidity with which it traveled past the barn; and its location where it stopped and was standing at the time the barn was discovered to be on fire.
Legal evidence is not confined to mere oral testimony and statements made by witnesses, but-it includes every known means obtainable .to ascertain the truth about any disputed question of fact. All the circumstances and surroundings must be taken into consideration, and if when taken together they raise a mere suspicion as to the truthfulness of the claim made, the same is not sufficient. But in the case now before us, where the facts and all the surrounding circumstances seem to point to the reasonableness of the claim of plaintiff below, we hold the rule to be tihat as between parties situated as the ones in the present case are, *246 where the loss must fall upon one or the other, it is just, legal , and'right that-the law shall cast it upon the one shown by the reasonable probability of the proof to have been the cause of the loss.
If this rule is sound, and we feel that it is, then applying it to the present case the judgment -below must stand, unless we further find from all of the evidence in the case that the verdict of the jury was against the weight of the evidence. The weighing of evidence is not a mere question of mathematics, nor is it to be determined by mere conjecture, but depends upon its effect in inducing the jury or court to reach a proper conclusion based wholly and entirely upon the adduced facts.
The question here for determination is as to whether or not the proof on the part of the plaintiff below is greater than that of the defendant, as -shown by all of the evidence in the case as contained in the bill of exceptions. If it is, then the judgment should be affirmed; otherwise reversed. No complaint is made by counsel as to the law of 'the case, as charged by the trial judge; yet we have read it' and find that it fully and completely covers every issue of fact and law in the case. If a reviewing -court was clothed with the same power as a jury in passing upon facts, and could see and hear the witnesses and observe their demeanor while upon the witness stand, instead of being compelled to rely upon typewritten testimony alone, it would be a great aid in determining the question as to whether-or not the evidence was properly weighed by the jury. The jury is not only the judge of the credibility of the witnesses, 'but of the weight of the evidence given *247 by them, and a reviewing court is not authorized or justified in setting aside a verdict of a jury because it is claimed that it is against the weight of the evidence, unless after a careful examination of the whole record in the case it is clearly and fully satisfied that such verdict was manifestly against the weight of the evidence. The supreme c'ourt of our state has said, “Where there is no dispute or conflict in the testimony of different witnesses, but nevertheless the unconflicting testimony discloses a variety of circumstances from which different minds may reasonably arrive at different conclusions as to the ultimate fact shown by such evidence, then it is. the duty of the jury to determine such ultimate fact.” Hickman v. Ohio State Life Ins. Co., 92 Ohio St., 87, 95.
The ultimate fact as to whether or not the plaintiff in error was .the cause of the mischief complained of in the case at bar having been determined by the jury under proper evidence submitted to it, and under proper instructions as to the law by the trial judge, a reviewing court has no authority in law to disturb the verdict of the jury.
Counsel for plaintiff in error insist that the following rule of law be applied to this case:
“A scintilla of evidence is enough to send the case to the jury, but a preponderance of the evidence constitutes the degree' as to the weight .to which the party on whom the burden of proof rests must have in order to have sufficient evidence to sustain the verdict, and preponderance is the test measure of the weight of the evidence. If it does not preponderate in favor of the party the weight *248 is not with him. If it is evenly balanced the weight is not with the party. If .the evidence does not preponderate in favor of the party sustaining the burden, then and only then may it be said that the verdict in his favor is not sustained by sufficient evidence.”
We heartily agree with learned counsel that this proposition of law is sound, and that it is clearly applicable to the issues raised by the pleadings and the proven facts in the case now before us under review, and that when §o applied it is decisive of same, 'and that by reason thereof but one conclusion can be reached, and that is that the judgment below is responsive to the facts and law, and .must be affirmed.

Judgment affirmed.

Kinder and Crow, JJ., concur.